**WILMINGTON TRUST COMPANY, a banking corporation of the State of Delaware, Trustee under an Agreement with Alonzo B. McMillen and Florence O. McMillen, Petitioner,**

v.

**Eileen McMillen LEE et al., Respondents.**

Court of Chancery of Delaware, New Castle.

Oct. 6, 1972.

359

Robert H. Richards, Jr., Richard J. Abrams and Jane R. Roth, of Richards, Layton & Finger, Wilmington, for petitioner.

Bruce M. Stargatt of Young, Conaway, Stargatt & Taylor, Wilmington, for defendant Eileen McMillen Lee.

Rodman Ward, Jr., of Prickett, Ward, Burt & Sanders, Wilmington, for defendant Katherine McMillen Woodson.

S. Samuel Arsht, James M. Tunnell and Paul P. Welsh, of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendants R. Peyton Woodson, III, and Martha A. Woodson, guardians of Lonnie McMillen Faust and Katherine Morrison Faust.

MARVEL, Vice Chancellor.

The pending petition in this case was filed on September 11, 1972 because the petitioner was concerned about the manner of its performance of what appears on the surface to be a ministerial duty, namely the casting of a ballot for the election of corporate directors. Such petition specifically seeks instructions as to appropriate action to be taken by the petitioner Wilmington Trust Company as successor trustee under a trust indenture entered into by the trustor decedents, Alonzo B. McMillen and Florence O. McMillen, his wife, in 1927, at an adjourned general meeting of shareholders of British-American Life Insurance Company Limited now scheduled to reconvene on October 10 in Nassau, Bahama Islands. A controlling interest of 65% of the stock of such corporation is held by Wilmington Trust Company, trustee, for the benefit of Mr. and Mrs. McMillen's descendants as set forth in the aforesaid trust agreement.

Such agreement carefully delineated the voting rights of the settlors' descendants in 130,000 shares of stock of Occidental Life Insurance Company,[1] the then corpus of the trust, and representing a 65% interest in such corporation, so as to repose such voting rights in the current income beneficiaries of such trust. The present income beneficiaries of such trust, who have the right to direct the trustee as to how their stock shall be voted at the annual meeting of shareholders of British-American Insurance Company Limited, are the defendants Eileen McMillen Lee (the mother of Laurence Frederick Lee, Jr.) and Katherine McMillen Woodson, each of whom has a one-third life interest in such trust, and the minor defendants Lonnie McMillen Faust and her sister Katherine Morrison Faust, each of whom has a one-sixth current income interest in such trust, being granddaughters of Mrs. Dorothy McMillen Rodey and grand nieces of Mrs. Lee and Mrs.

---

1. As a result of acquisitions by Occidental and stock distributions to such corporation's stockholders, the McMillen trust now holds 65% of the stock of British-American Life Insurance Company Limited, the stock now in issue insofar as its voting is concerned.

Woodson. Evidently, for the first time in the life of the McMillen trust the current trust beneficiaries are not in agreement as to the choice of directors to be elected for the corporation for the ensuing year, and two slates of directors are being submitted to the annual meeting, one by the Woodson interests and the other by the Lee interests. The stock interest now held by the two minor Faust girls is proposed to be voted for the Woodson slate by their co-guardian Richard Peyton Woodson, III, thus apparently constituting the Woodson group the majority in interest in such trust. Article XI of the McMillen trust provides that the trustee shall vote in such manner as the majority in interest of the trust beneficiaries may determine.

The petitioner Wilmington Trust Company, successor trustee, prayed, inter alia, in its pending petition that a prompt hearing be held on its petition, that a guardian ad litem be appointed to represent the interests of minor beneficiaries of the trust in issue if the Court should be of the opinion that such a guardian is needed, that instructions be given to the successor trustee as to how it should vote stock held in the trust in the name of such minor beneficiaries for whom guardians have been appointed, and finally and basically how the successor trustee should respond to the instructions of the guardians of such minor beneficiaries in light of the fiduciary duty of the aforesaid guardians to act in the best interests [2] of their wards without regard to their own personal interests.

Such petition concluded with a prayer that Wilmington Trust Company, the registered holder of 65% of the voting stock of British American Life Insurance Company Limited, be authorized and directed to vote at the annual general meeting of shareholders of such company noticed for September 12, 1972 for an adjournment of such scheduled meeting until December 13, 1972, the relief sought by such prayer being designed to bring about the entry of an order which by giving more time would enable the Court more effectively to grapple with the issues underlying this action.

Thereupon, counsel for petitioner moved for and was granted an order for the entry of a short return of service on the named defendants, all of whom are non-residents, and for an order for substituted service on such non-residents as provided for by the terms of 10 Del.C. § 365 and Rule 4 (da), Del.C.Ann. Such latter form of order was entered on September 12 and such non-residents were directed to appear and answer the pending petition for instructions on or before October 27, 1972, following notice by publication and by registered mail.

On September 11, however, Wilmington Trust Company, concerned with its sole duty as trustee, namely an obligation to vote the British-American stock registered in its name in the McMillen trust at the annual meeting of stockholders of such corporation scheduled for September 12, as instructed, while expressing its willingness to vote at such meeting on non-controversial matters, petitioned for and was granted the authority to vote at said September 12 meeting for an adjournment of such annual meeting until December 13, 1972 in order to give this Court adequate time to consider what action should be taken by the trustee in response to instructions of the defendant Richard Peyton Woodson as guardian for the minor trust beneficiaries, Lonnie McMillen Faust and Katherine Morrison Faust. Significantly, the naming of the Woodsons as guardians for the Faust minors was urged by their mother in her will of 1969. She died in June, 1972.

On September 15, appearances were entered by counsel for the named defendants Katherine McMillen Woodson and for

2. Article VII of the McMillen Trust provides that during the minority of any income beneficiary that the share belonging to such minor shall be held by the trustee in trust for the support and education of such minor to be paid out on directions of a legally appointed guardian.

Richard Peyton Woodson, III, and Martha A. Woodson, as guardians for Lonnie McMillen Faust and Katherine Morrison Faust, and on September 18, on motion of counsel for the latter an accelerated brief schedule was fixed, and an argument date of October 4 set with the purpose in mind of obtaining instructions for the trustee prior to the reconvening of the adjourned annual meeting of British American now scheduled for October 10 in Nassau.

In the meantime, counsel for Eileen McMillen Lee and her son Laurence Frederick Lee, Jr., (the latter of whom must surely have learned of the Woodson's intentions on or before September 1st but who was not invited to participate in the proceedings above outlined) entered the picture and through counsel sought a revision of the brief schedule and argument date then fixed on the trustee's petition for instructions. Such application was denied on September 26. A renewed motion of the same nature was denied on September 28.

Argument has now been held on the trustee's petition for instructions and the matter for immediate decision, as I see it, is that of whether or not the now scheduled adjourned meeting of the shareholders of British-American should be further adjourned so as to give the Court additional time properly to instruct the trustee in a case which in the rush for a ruling has neither been tried nor made susceptible to motions for summary judgment.

Article 42 of the Articles of Association of British-American Insurance Company Limited provides in part as to the holding of any general meeting of stockholders of the corporation as follows:

"When a meeting is adjourned for thirty days or more, notice of the adjourned meeting shall be given as in the case of an original meeting. Save as aforesaid it shall not be necessary to give any notice of an adjournment or of the business to be transacted at an adjourned meeting." Compare 8 Del.C. § 222(c).

Counsel for the Woodson interests argue that a further adjournment of the general meeting of British-American beyond the time now fixed would, in effect, require the calling of a new meeting, so that once the deadline for adjournment has passed, the Woodsons would be at the mercy of incumbent management inasmuch as the corporation here in issue is not a Delaware corporation.

Counsel for the Lee interests, on the other hand, argue that a further adjournment of such stockholders' meeting is clearly permissible under Article 42 of British-American's charter, and that, in any event, this Court may impose sanctions to ensure such adjournment in the form of a direction that Wilmington Trust Company vote its stock in favor of the Woodson slate unless the directors at the convening on October 10 of the presently adjourned meeting vote for a further adjournment of such meeting to December 13, 1972.

Rule 17(c) of this Court provides in part:

"(c) Infants, Unborn Children and Incompetent Persons. No proceeding shall be deferred because of the infancy or incompetency of a party, unless the court otherwise orders. The appearance of an infant or incompetent shall be by a general guardian or a trustee, if there be such and if he be not otherwise interested in the cause, but otherwise by a guardian ad litem.

A guardian ad litem will be appointed upon verified petition of the proposed guardian, or some other party, setting forth such infancy or incompetency; that there is no general guardian or trustee within the state, or that such guardian or trustee has an interest in the cause, and that the proposed guardian ad litem has no interest in the cause. Further proof of the infancy or incompetency, including the production of the infant or incompetent person, may be ordered by the court."

Because in the opinion of the trustee it became necessary for a suit to be filed in the course of administration of the McMillen trust, an action which involves the rights of minors, the Court must look into a possible conflict between the personal interest of Richard Peyton Woodson, III, who by voting his wards' stock is in a position to gain control of the affairs of British-American Insurance Company Limited, and his fiduciary duty as a guardian of minors. I am accordingly of the opinion that in the present posture of this litigation a guardian ad litem must be appointed for the two minor trust beneficiaries who have a right to have their stock voted at the upcoming meeting in their own best interest. And because I am further satisfied that the presently adjourned general meeting of shareholders of British-American Life Insurance Company Limited now scheduled to reconvene on October 10 in Nassau can be further effectively adjourned to December 13, I will enter an order designed to secure the carrying out of such an adjournment.

At 12 o'clock noon on Monday, October 9, counsel of record are requested to present in Chambers a form of order providing for the appointment of a guardian ad litem for two presently interested minors who are parties to this action, namely Lonnie McMillen Faust and Katherine Morrison Faust, and further providing for the giving of instructions to Wilmington Trust Company, trustee, to vote upon the reconvening of the general meeting of shareholders of British-American on October 10 in Nassau, Bahama Islands, for the Woodson slate of directors unless incumbent management, and particularly the defendant Laurence Frederick Lee, Jr., in control of the 1972 general meeting of shareholders of British-American Life Insurance Company Limited, agree to a further adjournment of the October 10 adjourned meeting to December 13 at 10:30 a. m. and unless such persons further agree to give timely notice of such further adjournment as required by Article 42 of British-American's Articles of Association.

In the event that such commitments are given and recorded by those in charge of the reconvened meeting, including Laurence Frederick Lee, Jr., then Wilmington Trust Company, trustee, is instructed to vote its trust shares for a further adjournment of the annual general meeting of shareholders of British-American Life Insurance Company Limited until December 13, 1972 at 10:30 a. m.

The guardian ad litem to be appointed will be directed to report to the Court not later than November 10, 1972 as to whether or not, in his opinion, the voting of the beneficial interest in the McMillen trust of the minors, Lonnie McMillen Faust and Katherine Morrison Faust, for the Woodson slate of directors is in their own best interests. The Court will then determine what further proceedings, if any, are necessary in order for it to reach a decision on its instructions to the trustee as to how to cast its vote for the election of directors of British-American Life Insurance Company Limited.

Order on notice.